YOUR REQUEST FOR AN UNOFFICIAL OPINION REGARDING RURAL WATER DISTRICTS HAS BEEN REFERRED TO ME FOR A RESPONSE. AS I UNDERSTAND IT, YOU WANT TO KNOW WHETHER THESE DISTRICTS ARE PUBLIC BODIES SUBJECT TO THE OKLAHOMA OPEN MEETING ACT, 25 O.S. 301 (1991), ET SEQ. CONSIDERATION OF YOUR QUESTION REQUIRES AN EXAMINATION OF BOTH THE OPEN MEETING ACT AND THE RURAL WATER, SEWER, GAS AND SOLID WASTE MANAGEMENT DISTRICTS ACT, 82 O.S. 1324.1 (1991), ET SEQ. (REFERRED TO BELOW IS THE "RURAL WATER DISTRICTS ACT.") THE DISCUSSION THAT FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. HOWEVER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
THE OPEN MEETING ACT IMPOSES A NUMBER OF REQUIREMENTS ON PUBLIC BODIES HOLDING MEETINGS. AMONG OTHER THINGS, IT REQUIRES PUBLIC BODIES TO:
 (1) PROVIDE ADVANCE NOTICE OF THE DATE, TIME, AND PLACE OF MEETINGS AND OF MATTERS TO BE CONSIDERED AT THOSE MEETINGS;
 (2) HOLD OPEN MEETINGS AT TIMES AND PLACES THAT ARE CONVENIENT AND ACCESSIBLE TO THE PUBLIC;
 (3) RECORD INDIVIDUAL MEMBER'S VOTES ON MATTERS CONSIDERED;
(4) TAKE MINUTES OF MEETINGS;
 (5) HOLD EXECUTIVE SESSIONS (INACCESSIBLE TO THE PUBLIC) ONLY FOR CERTAIN SPECIFIC PURPOSES; AND
 (6) TO REFRAIN FROM HOLDING INFORMAL GATHERINGS OF A MAJORITY OF BOARD MEMBERS IN WHICH PUBLIC BUSINESS IS CONDUCTED OR DISCUSSED.
AS YOU HAVE NOTED, THE OPEN MEETING ACT APPLIES TO "PUBLIC BODIES". 25 O.S. 304 (1991) DEFINES THE PUBLIC BODIES TO WHICH THE OPEN MEETING ACT APPLIES IN THE FOLLOWING MANNER:
 "THE GOVERNING BODIES OF ALL MUNICIPALITIES LOCATED WITHIN THE STATE OF OKLAHOMA, BOARDS OF COUNTY COMMISSIONERS OF THE COUNTIES OF THE STATE OF OKLAHOMA, BOARDS OF HIGHER EDUCATION IN THE STATE OF OKLAHOMA AND ALL BOARDS, BUREAUS, COMMISSIONS, AGENCIES, TRUSTEESHIPS, AUTHORITIES, COUNCILS, COMMITTEES, PUBLIC TRUSTS, TASK FORCES, OR STUDY GROUPS IN THE STATE OF OKLAHOMA SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDING OF PUBLIC FUNDS, OR ADMINISTERING PUBLIC PROPERTY. . . ."
THE SUPREME COURT OF OKLAHOMA HAS HELD THAT, IN CONSIDERING WHETHER THE OPEN MEETING ACT APPLIES TO A PARTICULAR GROUP "THE KEY CONSIDERATION SHOULD BE THE PUBLIC NATURE OF THE WORK OF THE GROUP." INTERNATIONAL ASSOCIATION OF FIREFIGHTERS. LOCAL 2479 V. THORPE, 632 P.2D 408, 412, (OKLA.1981). ATTORNEY GENERALS' OPINIONS HAVE CONCLUDED THAT THE OPEN MEETING ACT APPLIES TO NONPROFIT CORPORATIONS IF THOSE CORPORATIONS ARE SUPPORTED IN PART BY PUBLIC FUNDS OR IF THEY ADMINISTER PUBLIC PROPERTY. SEE, E.Q., A.G. OPINION NO. 81-084.
IN OKLAHOMA, RURAL WATER DISTRICTS ARE CREATED PURSUANT TO THE PROCEDURES SET FORTH IN THE RURAL WATER DISTRICTS ACT. PURSUANT TO THE ACT, TWO OR MORE LANDOWNERS OR A NOT-FOR-PROFIT CORPORATION ORGANIZED FOR THE PURPOSE OF DEVELOPING RURAL WATER SUPPLIES MAY PETITION T E APPROPRIATE BOARD OF COUNTY COMMISSIONERS FOR THE CREATION OF A RURAL WATER DISTRICT. 82 O.S. 1332.4/82 O.S. 1324.32 (1991). FOLLOWING THE FILING OF A PETITION REQUESTING THE ESTABLISHMENT OF SUCH A DISTRICT AND A PUBLIC HEARING ON THE PETITION, THE BOARD OF COUNTY COMMISSIONERS MUST DETERMINE WHETHER A RURAL WATER DISTRICT SHOULD BE CREATED. IN MAKING THIS DETERMINATION, THE BOARD MUST CONSIDER A NUMBER OF FACTORS, INCLUDING (1) WHETHER THE CONSTRUCTION, INSTALLATION, IMPROVEMENT OF MAINTENANCE AND OPERATION OF WATER WORKS IS NECESSARY TO PROVIDE AN ADEQUATE WATER SUPPLY; AND (2) WHETHER SUCH IMPROVEMENTS WILL BE CONDUCIVE TO AND WILL TEND TO PROMOTE THE PUBLIC HEALTH, CONVENIENCE AND WELFARE. 82 O.S. 1324.6 (1991). IF THE BOARD DETERMINES THAT SUCH A DISTRICT SHOULD BE ESTABLISHED, THEN:
 "THE BOARD OF COUNTY COMMISSIONERS SHALL THEREUPON IMMEDIATELY DECLARE THE LAND DESCRIBED IN THE PETITION OR ANY PART THEREOF TO BE INCORPORATED AS A DISTRICT UNDER THE NAME OF "RURAL WATER AND/OR SEWER AND/OR SOLID WASTE MANAGEMENT DISTRICT NO. __, COUNTY, OKLA. AND CORPORATE AND AN AGENCY AND LEGALLY CONSTITUTED AUTHORITY OF THE STATE OF OKLAHOMA FOR THE PUBLIC PURPOSES SET FORTH IN THE ACT. (EMPHASIS ADDED)." 82 O.S. 1324.6(6) (1991).
ONCE IT IS ESTABLISHED, A DISTRICT SHALL BE A BODY POLITIC SPECIFIC POWERS NECESSARY TO CONSTRUCT, INSTALL, IMPROVE, MAINTAIN AND OPERATE FACILITIES NECESSARY FOR THE PROVISION OF WATER TO RURAL AREAS. SEE 82 O.S. 1324.10
IN ORDER TO ANSWER YOUR QUESTION, ONE MUST DETERMINE WHETHER RURAL WATER DISTRICTS CONSTITUTE "PUBLIC BODIES" AS THAT PHRASE IS DEFINED IN THE OKLAHOMA OPEN MEETING ACT. IN MAKING THIS DETERMINATION, THE PARAMOUNT CONSIDERATION IS THE PURPOSE OF THE OPEN MEETING ACT. SECTION 302 OF THE ACT STATES THAT ITS PURPOSE IS TO "ENCOURAGE AND FACILITATE AN INFORMED CITIZENRY'S UNDERSTANDING OF THE GOVERNMENTAL PROCESSES AND GOVERNMENTAL PROBLEMS". IN LIGHT- OF THAT STATEMENT OF LEGISLATIVE POLICY, COURTS HAVE HELD THAT THE OPEN MEETING ACT IS TO BE LIBERALLY CONSTRUED TO FURTHER ITS PURPOSES. SEE E.G. ROGERS V. EXCISE BOARD OF GREER COUNTY, 701 P.2D 754 (OKLA. 1984).
AS TO YOUR SPECIFIC QUESTION, A NUMBER OF FACTORS INDICATE THAT RURAL WATER DISTRICTS ESTABLISHED PURSUANT TO THE RURAL WATER DISTRICTS ACT ARE "PUBLIC BODIES" AS THAT TERM IS USED IN THE OPEN MEETING ACT. MOST IMPORTANTLY, AS NOTED ABOVE, THE RURAL WATER DISTRICTS ACT ITSELF DESCRIBES THESE DISTRICTS AS "A BODY POLITIC AND CORPORATE AND AN AGENCY AND LEGALLY CONSTITUTED AUTHORITY OF THE STATE OF OKLAHOMA FOR THE PUBLIC PURPOSES SET FORTH IN THE ACT." 82 O.S. 1324.6(6). ALTHOUGH THIS LANGUAGE IS NOT IDENTICAL TO THE LANGUAGE OF THE OPEN MEETING ACT THAT DEFINES THE TERM "PUBLIC BODY," IT IS SUFFICIENTLY SIMILAR TO SUPPORT THE CONCLUSION THAT RURAL WATER DISTRICTS ARE "PUBLIC BODIES." MORE SPECIFICALLY, THE RURAL WATER DISTRICTS ACT AUTHORIZES DISTRICTS TO ACQUIRE, MAINTAIN, USE, AND OPERATE "ALL PROPERTY OF ANY KIND, REAL, PERSONAL OR MIXED" AND PROVIDES THAT ALL PROPERTY! ASSETS AND REVENUES OF THE DISTRICT SHALL CONSTITUTE A SPECIAL FUND FOR THE ACCOMPLISHMENT OF THE PURPOSES OF THIS ACT." 82 O.S. 1324.10. IN LIGHT OF THIS POWER TO ACQUIRE, MAINTAIN, AND USE PROPERTY FOR A PARTICULAR PUBLIC PURPOSE, I FIND THAT RURAL WATER DISTRICTS ARE ENGAGED IN "ADMINISTERING PUBLIC PROPERTY," AS THAT PHRASE IS USED IN THE OPEN MEETING ACT. FOR THIS REASON AS WELL, SUCH DISTRICTS ARE PUBLIC BODIES UNDER THE OPEN MEETING ACT.
FINALLY, IT SHOULD BE NOTED THAT THE RURAL WATER DISTRICTS ACT SPECIFICALLY AUTHORIZES THE OWNERS OF LAND WITHIN AN ESTABLISHED DISTRICT TO SELECT A BOARD OF DIRECTORS AND TO ADOPT BY-LAWS FOR ADMINISTERING THE DISTRICT'S AFFAIRS. 82 O.S. 1324.7 (1991). THESE PROVISIONS EVINCE THE LEGISLATURE'S INTENT TO ENCOURAGE CITIZENS TO BECOME INVOLVED IN GOVERNING RURAL WATER DISTRICTS. FINDING RURAL WATER DISTRICTS TO BE PUBLIC BODIES FURTHERS THE PURPOSES OF BOTH THE RURAL WATER DISTRICTS ACT AND THE OPEN MEETING ACT BY ENCOURAGING CITIZEN INVOLVEMENT IN THE MANAGEMENT OF THE DISTRICTS THROUGH COMPLIANCE WITH THE OPEN MEETING ACT'S REQUIREMENTS.
(BABINDRANATH RAMANA